# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

WILLIAM STIERWALT, et al.,

    Plaintiffs,

v.                                            CIVIL ACTION NO. 2:19-cv-00552

BEST LOGISTICS GROUP, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Best Logistics Group, Inc., H&W Holdings, LLC d/b/a Best Specialized, and Best Services Group, Inc.'s (collectively "Defendants") Motion to Set Aside Default and for Leave to File Answer. (ECF No. 18.) Also pending are Plaintiffs William Stierwalt and Amy Stierwalt's (collectively "Plaintiffs") Motion for Default Judgment Against Best Logistics Group, Inc., (ECF No. 8); Motion for Default Judgment Against Best Services Group, Inc., (ECF No. 9); and Motion for Default Judgment Against H&W Holdings, LLC d/b/a Best Specialized, (ECF No. 10). For the reasons discussed more fully below, the Court **GRANTS** Defendants' Motion to Set Aside Default, (ECF No. 18), and **DENIES** Plaintiffs' motions for default, (ECF Nos. 8, 9, 10).

## I. *BACKGROUND*

Plaintiffs filed this personal injury action alleging Plaintiff William Stierwalt was working as a tollbooth operator when a truck operated by Defendants' employee struck the booth occupied

1

by Plaintiff. (ECF No. 1 at 4, ¶ 22.) Plaintiff alleges he sustained various injuries as a result, and his wife, Plaintiff Amy Stierwalt, alleges a claim for loss of consortium. (*Id.* at 5–6, ¶¶ 26–30.)

On August 20, 2019, Plaintiffs filed six motions requesting an entry of default by the Clerk and this Court against Defendants Best Logistics Group, Inc., H&W Holdings, LLC d/b/a Best Specialized, and Best Services Group, Inc. (ECF Nos. 8, 9, 10, 11, 12, 13.) In response to these requests and affidavits, the Clerk of this Court entered default against all Defendants on August 27, 2019, pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 16.) Defendants filed the current Motion to Set Aside Default on August 28, 2019. (ECF No. 18.) Plaintiffs responded on September 4, 2019, (ECF No. 21), and Defendants filed their Reply on September 11, 2019, (ECF No. 23). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a court may, "for good cause shown," set aside an entry of default. Rule 55(a) initially provides that when a party shows by affidavit that an opposing party has failed to plead or otherwise defend itself in litigation, the clerk of court must enter default against the defending party. Pursuant to Rule 55(c), however, district courts have the discretion to set aside an order of default for good cause. The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted); *see also Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (providing that "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits").

Further, the Fourth Circuit has established that district courts should consider the following factors when deciding motions to set aside default pursuant to Rule 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

## II. DISCUSSION

Defendants ask the Court to set aside the Clerk's Entry of Default entered against them on August 27, 2019. (ECF No. 16.) Defendants assert that their failure to file a timely response was the result of a misunderstanding between Defendants' counsel, their insurer, and the Defendants themselves.[1] (ECF No. 19 at 2.) Defendants advise that their insurer and Plaintiffs were engaged in discussions over a possible resolution before this case was filed, and, because these discussions were ongoing, Defendants did not advise their insurer or their counsel of the service of the Summons and Complaint. (*Id.*) Plaintiffs oppose Defendants' Motion and argue Defendants "purposely decided not to file an answer in an effort to delay responsibility" and "intentionally ignored Plaintiffs and rely on unsupported claims of 'misunderstanding,' 'miscommunication,' and 'meritorious defense.'" (ECF No. 22 at 12, 14.) The Court will briefly address the relevant factors to consider under Federal Rule of Civil Procedure 55(c).

---

[1] Defendants' claims are further supported by Plaintiffs briefing. Plaintiffs state they spoke with Defendants' counsel only one day after the filing of the motions for default, and Defendants' counsel stated she "assumed they settled the case" but was instead informed by Plaintiffs that the motion for default was pending. (ECF No. 22 at 9.)

*A. Meritorious Defense*

Under this factor, "the moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor." *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001). Even if a defense is tenuous, this factor should weigh in favor of granting a motion to set aside the default. *See Rasmussen v. Am. Nat. Red Cross*, 155 F.R.D. 549, 552 (S.D. W. Va. 1994).

This action alleges Defendants' employee collided with a tollbooth occupied by Plaintiff William Stierwalt causing injury. (ECF No. 1 at 4, ¶ 22.) Specifically, Plaintiffs allege negligence claims resulting from this accident. (ECF No. 1.) Defendants assert in the motion's supporting memorandum of law that they can produce evidence that their employee did not act recklessly, willfully, wantonly and maliciously; that some of the named Defendants did not employ the driver; and anticipate having a defense to some of Plaintiffs' claims for damages. (ECF No. 23 at 7–8.) Plaintiffs rely solely on the video footage of the accident to argue "there is no defense" to Defendants' actions. (ECF No. 22 at 11–12.) However, if Defendants prove the veracity of their initial claims, this Court or a jury may find in their favor. *Cf. Rasmussen*, 155 F.R.D. at 552 ("[A]lthough Defendant has neither presented nor proffered evidence supporting its defense . . . those denials, if believed by the finder of fact, would permit a verdict for the Defendant."). Thus, the Court finds that at this early stage in the litigation, Defendants have adequately presented a meritorious defense that weighs in favor of setting aside the default.

*B. Reasonable Promptness*

In this case, the Clerk entered default against Defendants on August 27, 2019. (ECF No. 16.) While there are no specific dates listed on the return receipts providing confirmation of the

delivery of the entry of default, the receipts were entered on the docket on September 3, 2019. (ECF No. 20.) Defendants filed the pending motion four days before the receipts were entered. (ECF No. 18.) As such, the Court finds that Defendants acted in a reasonably prompt manner and responded even before receiving notice of the default's entry. *Cf. United States v. Moradi*, 473 F.2d 725, 728 (4th Cir. 1982) ("It is beyond cavil that there was no delay here once the default was discovered. Instead, counsel immediately filed for relief.").

### C. Other Factors

In assessing the personal responsibility of the party, the Court notes that Defendants accept blame for their failure to file a timely response and explain it was due to a misunderstanding between Defendants' counsel, their insurer, and Defendants themselves. (ECF No. 19 at 2.) However, Defendants' counsel acted promptly upon entry of default to move this Court to set the default aside and move forward to the merits of Plaintiffs' case. *Cf. Rasmussen*, 155 F.R.D. at 551 ("Particular attention should be paid to whether the defaulting party or their counsel should bear responsibility for the delay. Courts should be more inclined toward relief in those cases in which the defaulting party is to blame." (quoting *Palmetto Fed. Sav. Bank of S.C. v. Indus. Valley Title Ins. Co.*, 756 F. Supp. 925, 929–30 (D.S.C. 1991))). Plaintiffs argue Defendants actions were purposeful and a tactic meant to delay this litigation and their "legal responsibility." (ECF No. 22 at 12.) However, Plaintiffs offer no evidence to support these inflammatory comments, and contrary to Plaintiffs' claims, it appears Defendants' failure to respond is not part of a conspiracy to delay this litigation but is instead the result of a simple misunderstanding.

Further, the Court is aware of no prejudice to Plaintiffs that would result from setting aside the default. Plaintiffs argue Mr. Stierwalt has been out of work for nearly two years and that his

5

Workers' Compensation benefits will soon terminate. (ECF No. 22 at 16.) Additionally, Plaintiffs assert Defendants' attempt to argue the merits of this action instead of simply admitting liability will only cause more delay. (*Id.*) However, considering the facts of this case, Defendants answer was due on August 26, 2019, and the current motion was filed only two days later. (ECF Nos. 14, 15, 18.) More delay was caused by Plaintiffs' over–litigation of this motion than was caused by Defendants' failure to file a timely answer. Further, the Court will not fault Defendants for their decision to litigate these claims. Thus, Plaintiffs have provided no evidence that they would be prejudiced from setting aside this default.

Finally, there is no evidence currently before the Court indicating a history of dilatory action by Defendants. Plaintiffs make an argument to the contrary, but again have provided no evidence to support their claim. (ECF No. 22 at 17.) Plaintiffs' response is littered with inflammatory, yet unpersuasive, remarks such as this that are completely unsupported by evidence. These tactics are unhelpful and risk the credibility of counsel. There is a "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad.*, 616 F.3d at 417. Accordingly, these remaining factors similarly weigh in favor of setting aside the entry of default against Defendants.

IV. CONCLUSION

For the foregoing reasons, the Court **FINDS** that good cause exists to set aside the entry of default and **GRANTS** Defendants' motion. (ECF No. 18.) Accordingly, Plaintiffs motions for default are **DENIED**. (ECF Nos. 8, 9, 10, 11, 12, 13.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 3, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE